COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


MARIO L. CALVANO, EXECUTOR OF
 THE ESTATE OF MARIANNE STOY-CALVANO
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1597-98-4              JUDGE CHARLES H. DUFF
                                            APRIL 20, 1999
WAL-MART STORES, INC. AND
 INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              V.R. Shackelford, III (Shackelford,
              Honenberger, Thomas, Willis & Gregg, on
              brief), for appellant.

              Monica L. Taylor (Melissa Amos Young; Gentry,
              Locke, Rakes & Moore, on brief), for
              appellees.


     Mario L. Calvano, Executor of the Estate of Marianne

Stoy-Calvano ("claimant") appeals a decision of the Workers'

Compensation Commission ("commission") denying her claim for

benefits.  Claimant contends that the commission erred in

finding that she failed to prove that she sustained an injury by

accident arising out of and in the course of her employment on

May 25, 1997.  Finding no error, we affirm.

-------------------------------------------------------

    [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that she was injured as a result of a specific incident at work on May 25, 1997. As the basis for its decision, the commission made the following findings:

> As in Morris, the claimant experienced the sudden onset of pain after about two hours of continuous rapid-paced work as a cashier. Claimant could not recall what identifiable incident or action on her part occurred at the time she experienced sudden pain and there is nothing in the record to prove "an identifiable incident or sudden precipitating event" as the cause of claimant's injury, a rotator cuff tear. Although claimant's doctor stated that claimant's "history is consistent with a rotator cuff tear caused by her accident at

-2-

work," there is nothing in the medical record to indicate the claimant gave a more particular description of the events of May 25, 1997 to the doctor than she did at [sic] hearing.  The evidence does not prove the claimant suffered "an accident" as that term has been defined in the Act . . . .

In light of claimant's testimony, claimant's recorded statement, and the medical records, the commission, as fact finder, could reasonably conclude that claimant was unable to identify the specific movement or work activity, if any, that she was performing when she felt the sudden pain on May 25, 1997.  Accordingly, we cannot say as a matter of law that claimant proved that she sustained an injury caused by an accident arising out of and in the course of her employment on May 25, 1997.

For these reasons, we affirm the commission's decision.

Affirmed.